UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAYMUNDO CADENA,<br><br>　Plaintiff,<br><br>vs.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>　Defendant. | CIVIL ACTION NO.<br>4:19-CV-03658 |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (hereinafter referred to as "Allstate") gives notice and hereby removes this action from the 215th District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof would show unto the Court the- following:

### I. BACKGROUND

1.　On August 21, 2019, Raymundo Cadena (hereinafter referred to as "Plaintiff") filed Plaintiff's Original Petition (hereinafter referred to as "Petition") in Harris County, Texas, under *Cause No. 2019-58295; Raymundo Cadena v. Allstate Vehicle and Property Insurance Company; in the 215th District Court of Harris County, Texas* (hereinafter referred to as the "State Court Action").

2.　Plaintiff's claims relate to real property located at 17702 Poppy Trails, Houston, Texas 77084, and homeowner's insurance policy no. 836 972 187, issued by Allstate.

1

3. In Plaintiff's Original Petition, Plaintiff asserts claims for breach of contract, violations of the Texas Insurance Code, violations of the Deceptive Trade Practices Act, and Breach of the Duty of Good Faith and Fair Dealing against Allstate.

4. This Notice of Removal is being filed within one year of the commencement of this action.

## II. PROCEDURAL REQUIREMENTS

5. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. §1441(a); *see also* 28 USC §124(b)(2).

6. Pursuant to LR 81, attached hereto as **Exhibit A** is an Index of Matters. Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibits B and C** and incorporated by reference is a true and correct copy of the docket sheet and all documents filed of record with the Court in the State Court Action including all process, pleadings, and orders served, along with the documents that are in the process of being filed or have recently been filed with the Court, but not yet reflected on the Court's online docket sheet.

7. Simultaneously with the filing of this Notice of Removal, Defendant is filing notice of the removal in the State Court Action pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit D**, and will provide written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C. §1446(a).

8. Included in this filing are Defendant's Disclosure Statement and Certificate of Interested Parties pursuant to Rule 7.1 of the Federal Rules of Civil Procedure (**Exhibit E**) and a List of All Counsel of Record (**Exhibit F**).

### III. BASIS FOR REMOVAL

9. Removal is proper in this case due to complete diversity. This Court has diversity jurisdiction under 28 U.S.C. §§1332(a). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

### A.   Diversity

10. Plaintiff is and was at the time the lawsuit was filed, a natural person and resident of Harris County in the State of Texas and thus, a citizen of the State of Texas. *See* Plaintiff's Original Petition, ¶ 1. Upon information and belief, Plaintiff intends to continue residing in Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

11. Defendant, Allstate Vehicle and Property Insurance Company, is a citizen of the State of Illinois for removal purposes. Therefore, complete diversity exists between the Parties.

### B.   Amount in Controversy

12. In determining the amount in controversy, the court may consider "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); see *Ray v. State Farm Lloyds*, No. CIV.A.3:98- CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after

considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

13. The Court may also consider correspondence between the Parties, including responses to disclosure and pre-suit settlement demands to determine the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998) (examining the plaintiffs' pre-complaint demand letters to determine whether a claim for declaratory relief satisfied the requisite amount in controversy); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceeded the jurisdictional amount); see also *King v. Ameriprise Fin. Servs., Inc.*, No. C-09-112, 2009 WL 1767641 at *4 (S.D. Tex. 2009) (calling a pre-suit settlement letter relevant evidence of the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim).

14. The amount in controversy in this case exceeds $75,000.00. The suit arises out of the processing of Plaintiff's insurance claim under a home insurance policy issued by Defendant Allstate. In the demand letter sent by Plaintiff's counsel, Plaintiff alleged that actual damages to repair the home amount to $28,082.28 (**Exhibit G**).  Furthermore, in Plaintiff's demand, Plaintiff also seeks $2,400 in attorney's fees, but says attorney's fees could range from $10,000 to $15,000. (**Exhibit G**).  Plaintiff also seeks treble damages per this demand. (**Exhibit G**).  Accordingly, on the face of Plaintiff's pleadings, the actual amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant removes the State Court Action from the 215th District Court of Harris County, Texas to the United States District Court for the

Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law

        Respectfully submitted,

        SUSAN L. FLORENCE & ASSOCIATES

        **KIMBERLY N. BLUM**
        TBN: 24092148
        Southern District Bar No. 2601470
        811 Louisiana, Suite 2400
        Houston, TX 77002
        HoustonLegal@allstate.com
        (713) 336-2812
        (877) 684-4165 (fax)

        ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in compliance with the Federal Rules of Civil Procedure on this day of September 26, 2019.

Shane McClelland
The Law Offices of Shane McClelland
440 Cobia Drive, Suite 101
Katy, Texas 77494
Phone: 713-987-7107
Fax: 832-827-4207
Email: shane@hmtrial.com

        **KIMBERLY BLUM**