# EXHIBIT C

Exhibit C

8/21/2019 12:47 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36152371
By: Brittany Hall
Filed: 8/21/2019 12:47 PM

Cause No. _____

| | | |
|---|---|---|
| RAYMUNDO CADENA, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | _____JUDICIAL DISTRICT |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Raymundo Cadena ("Plaintiff"), and files this, his Original Petition and Request for Disclosure against Defendant Allstate Vehicle and Property Insurance Company ("Defendant"), and in support thereof would respectfully show unto the Court the following:

## DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery in this matter under Level 3, in accordance with Texas Rule of Civil Procedure 190.4.

## PARTIES

1.      At all relevant times, Plaintiff owned a house at 17702 Poppy Trails, Houston, TX 77084.

2.      Defendant is an insurance company doing business in the State of Texas and may be served with process by serving its agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

4.     All or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County, Texas. Therefore, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002, venue is proper in Harris County, Texas. The damages being sought by Plaintiff are in excess of the minimum jurisdictional requirements of this Court.

5.     The Court has personal jurisdiction over Defendant because Defendant does business in the State of Texas and because Defendant issued a policy of insurance covering property that is located in this district.

## PLAINTIFF'S LOSS

6.     Plaintiff owned the property at 17702 Poppy Trails, Houston, TX 77084 (the "Property") at all relevant times.

7.     The Property sustained significant windstorm damage when Hurricane Harvey ("Harvey") struck the Houston, Texas area on or about August 26, 2017.

8.     Defendant issued an insurance policy (Policy No. 000836972187) (the "Insurance Policy") covering the Property, which was in full force and effect at the time Harvey struck.

9.   Plaintiff had paid all premiums for the Insurance Policy when Harvey damaged Plaintiff's property.

10.  The Insurance Policy covered Plaintiff's Property for damage caused by windstorm, among other perils.

11.  Plaintiff has already incurred and will incur significant expenses to repair the windstorm damage that Harvey caused at the Property.

12. Shortly after Harvey, Plaintiff notified the Defendant of damages sustained as a result of Harvey and made a claim for benefits under the Insurance Policy.

13. Defendant assigned an adjuster to investigate and adjust the loss.

14. The adjuster visited the property but failed to fully and fairly investigate the loss.

15. The adjuster prepared a damage estimate but failed to abide by the terms of the Insurance Policy, the Defendant's general company claims handling standards, and/or with recognized claims handling standards.

16. The adjuster improperly omitted and undervalued covered losses from windstorm damage caused by Harvey to the Plaintiff's Property.

17. Defendant failed to pay Plaintiff for covered windstorm damage to the Property caused by Harvey.

18. Plaintiff submitted a damage assessment to the Defendant, seeking payment of the damaged property, less the policy deductible.

19. The amount sought by the Plaintiff was based on a firsthand inspection and damage assessment prepared by Plaintiff's experts. The damage assessment included a room-by-room, line-by-line, unit cost damage estimate. Plaintiff's experts found that the windstorm damage greatly exceeded the amount and scope of the Defendant's adjustment.

20. Defendant has unreasonably refused to acknowledge Plaintiff's expert's damage assessment as a basis for coverage and has failed to issue payment based on said damage assessment.

21. Harvey windstorm caused every loss Plaintiff has identified.

22. Defendant knows that Plaintiff is entitled to payment of insurance proceeds under the terms of the homeowner's policy that Defendant issued for the items of loss that Plaintiff has identified.

23. Defendant has no reasonable basis for refusing to pay for the Harvey windstorm losses for which Plaintiff seeks insurance proceeds.

24. Defendant's actions constitute a breach of the common law duty of good faith and fair dealing.

25. Defendant has knowingly and intentionally misrepresented Plaintiff's insurance coverage to Plaintiff to avoid complying with its contractual obligation to pay for Plaintiff's covered losses due to Harvey windstorm damage.

26. Defendant's obstinate refusal to acknowledge its coverage responsibilities out of court has required Plaintiff to file this action, thereby causing Plaintiff and this Court to endure unnecessary burden, expense, and delay.

27. Plaintiff has filed this suit to recover the amount owed under the Insurance Policy, which Defendant wrongfully denied.

## COUNT I
## BREACH OF CONTRACT

28. Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

29. Plaintiff and Defendant entered into a contract for insurance coverage when Plaintiff purchased and Defendant issued the Insurance Policy.

30. Plaintiff paid his policy premiums and otherwise maintained the Insurance Policy, which was in good standing at the time the Property sustained windstorm loss in August 2017.

31. Plaintiff has complied with all obligations owed under the Insurance Policy, including conditions precedent to recovery.

32. Defendant, however, has breached its contractual obligations by wrongfully denying coverage and failing to issue payment for the amount owed on this claim as documented in Plaintiff's written demand for payment and supporting documents.

33. Defendant's improper denial has harmed Plaintiff by denying the money to which Plaintiff is entitled under the terms of the Insurance Policy.

**COUNT II**
**VIOLATION OF TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES AND**
**MISREPRESENTATION OF INSURANCE POLICY**

35. Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

36. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code § 541.060; and Misrepresentation of Insurance Policy, §541.061. All violations under this article are made actionable by Tex. Ins. Code § 541.151.

37. Defendant's practice of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1); § 541.061.

38. Defendant's practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Insurance Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A); § 541.061.

39.     Defendant's practice of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3); § 541.061.

40.     Defendant's practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

41.     Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

## COUNT III
## VIOLATION OF TEXAS INSURANCE CODE:
## PROMPT PAYMENT OF CLAIMS

42.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

43.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims Tex. Ins. Code, Chapter 542.  All violations made under this article are made actionable by Tex. Ins. Code § 542.060.

44.     Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.055.

45.     Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.056.

46.     Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.058.

**COUNT IV**
**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

47.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

48.     The Insurance Policy was an insurance contract that existed between the Plaintiff and the Defendant. The Insurance Policy provided coverage for named windstorms during the life of the policy, providing coverage for dwelling.

49.     As a party to the Insurance Policy contract, Defendant owed a duty of good faith and fair dealing to the Plaintiff.

50.     However, Defendant engaged in fraudulent, deceitful, and other conduct inconsistent with its contractual obligations to Plaintiff.

51.     By failing to timely and adequately assess the Plaintiff's damages, refusing to properly adjust the loss, and refusing to pay money it owed under the Insurance Policy, despite knowing the damage was covered thereunder, Defendant has acted arbitrarily, capriciously, in a manner inconsistent with the reasonable expectations of the Plaintiff, and in violation of the duties of good faith and fair dealing.

52.     For these reasons and others set out in this Petition, Defendant breached the duty of good faith and fair dealing owed to the Plaintiff, proximately causing Plaintiff to suffer damages, including economic damage and emotional distress caused by the denial.

53.     Defendant is liable to Plaintiff for compensatory, consequential, and punitive damages as well as attorney fees, costs, expenses, pre-judgment interest, and all other damages and relief as this Court deems just and appropriate.

### COUNT V
### VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES/ CONSUMER PROTECTION ACT

54.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

55.     Defendant has committed violations of the Texas Deceptive Trade Practices/Consumer Protection Act ("DTPA"). The DTPA, Section 17.46, *et seq.*, of the Texas Business and Commerce Code, provides additional protection to consumers who are victims of deceptive, improper, and/or illegal practices, including the award of treble damages for knowing violation, and for attorneys' fees. Defendant's conduct in engaging in such acts and practices has resulted in actual and consequential damages to Plaintiff and supports an award for treble damages.

56.     Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Deceptive Trade Practices Act and were a producing cause of Plaintiff's damages described herein.

57.     Plaintiff is entitled to actual damages resulting from these violations of the law. These damages include the sums Defendant has wrongfully refused to pay and any consequential damages to Plaintiff's economic welfare in the future, including any exacerbation of economic

condition occasioned by the delay in payment of these claims. Plaintiff is also entitled to recovery of treble damages for Defendant's knowing violations.

## DAMAGES

58.     The above described acts, omissions, failures, and conduct of Defendant have caused Plaintiff to suffer damages which include, without limitation, the cost to properly repair the damage to Plaintiff's property.

59.     Defendant "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiff is entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapters 541 and 542 of the Texas Insurance Code.

60.     Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally and with malice and gross negligence as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations are the type of conduct that the state of Texas protects its citizens against by the imposition of exemplary damages.

61.     Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter this Defendant and others similarly situated from committing similar acts in the future.

62.     As a result of Defendant's conduct described herein, Plaintiff has been forced to retain the undersigned attorney to prosecute this action. Plaintiff is entitled to recover reasonable attorneys' fees under any applicable statute.

63.     Plaintiff is entitled to the recovery of attorneys' fees necessary to afford its rights, along with the costs and expenses set forth by law.

64.     Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the materials described in T.R.C.P. Rule 194.2.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that after a trial on the merits, Plaintiff recover from Defendants damages for all causes of action described above, extra contractual damages as allowed by law and the causes of action described above, attorneys fees, costs of court, and all interest allowed by statute and common law and for such other relief to which Plaintiff may be entitled, both in equity and at law.

Respectfully submitted,

August 21, 2019

s/ Shane McClelland
Shane McClelland
TX Bar# 24046383
Attorney-in-Charge for Plaintiff
The Law Offices of Shane McClelland
440 Cobia Drive, Suite 101
Katy, Texas 77494
Phone: (713) 987-7107
Fax:    (832) 827-4207
Email: Shane@hmtrial.com

*Attorney for Plaintiff*



8/21/2019 12:47:56 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 36152371
By: HALL, BRITTANY
Filed: 8/21/2019 12:47:56 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition and Request for Disclosure

**FILE DATE:** 8-21-19 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be**

**Served):**

**Issue Service to:** Allstate Vehicle and Property Insurance Company

Address of Service: c/o CT COrporation System 1999 Bryan St Suite 900

City, State & Zip: Dallas, TX 75201

Agent (if applicable) CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☑ **Citation** ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper** _____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____     ☐ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____     **(No Service Copy Fees Charged)**
☐ **CONSTABLE**     *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**     used to retrieve the E-Issuance Service Documents.
                                           Visit www.hcdistrictclerk.com for more instructions.

☑ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up:  Court Record Research Phone: 713-227-3353

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Shane McClelland   Bar # or ID   24046383

Mailing Address: 440 Cobia Drive, Ste. 101, Katy, TX 77494

Phone Number: (713) 987-7107



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

**CAUSE NUMBER:** 201958295

**ATY____   CIV ✓   COURT** 215H

### REQUESTING ATTORNEY/FIRM NOTIFICATION

**ATTORNEY:** Mce Lelland, Shae   **PH:** (7) 987-7107

**CIVIL PROCESS SERVER:** CRR

**PH:** (13) 227-3353

**PERSON NOTIFIED SVC READY:** _____

**DATE:** _____

| | |
|---|---|
| Type of Service Document: cit | Tracking Number 7366110つ |
| Type of Service Document: | Tracking Number |
| Type of Service Document: | Tracking Number |
| Type of Service Document: | Tracking Number |
| Type of Service Document: | Tracking Number |
| Type of Service Document: | Tracking Number |
| Type of Service Document: | Tracking Number |

**Process papers prepared by:** Brittany Hall

**Date:** 08-2-2019        **30 days waiting** 09-2-2019

**Process papers released to:** _____
(PRINT NAME)

_____
(CONTACT NUMBER)        (SIGNATURE)

**Process papers released by:** _____
(PRINT NAME)

_____
(SIGNATURE)

**Date:** 8/23 , 2018   **Time:** 9   AM / PM

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

98-404301

CAUSE NO.   201958295

RECEIPT NO.                          0.00      CIV
          **********               TR # 73661107

PLAINTIFF: CADENA, RAYMUNDO            In The   215th
          vs.                          Judicial District Court
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY   of Harris County, Texas
                                       215TH DISTRICT COURT
                                       Houston, TX

                              CITATION

THE STATE OF TEXAS
County of Harris


TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY MAY BE SERVED BY
    SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
    1999 BRYAN ST SUITE 900   DALLAS TX  75201
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 21st day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 22nd day of August, 2019, under my hand and
seal of said Court.

Issued at request of:                    MARILYN BURGESS, District Clerk
MCCLELLAND, SHANE                        Harris County, Texas
440 COBIA DRIVE, STE 101                 201 Caroline, Houston, Texas 77002
KATY, TX 77494                           (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 987-7107
Bar No.: 24046383                        Generated By: HALL, BRITTANY  7FT//11307515

                    OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____

                              _____

                              _____ of _____County, Texas

_____        By _____
          Affiant                                    Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

**CAUSE NUMBER: 2019-58295**

RAYMUNDO CADENA
PLAINTIFF

VS.

                **IN THE 215TH JUDICIAL DISTRICT**
                **COURT OF HARRIS COUNTY, TEXAS**

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY
DEFENDANT

**AFFIDAVIT OF SERVICE**

BEFORE ME, the undersigned authority, on this day **D'ANN WATHEN**, personally appeared before me and stated under oath as follows:

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Friday August 23, 2019 AT 02:43 PM - CITATION, PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE,** came to hand for service upon **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**.

On **Thursday August 29, 2019** at **12:31 PM** - The above named documents were hand delivered to: **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM @ 1999 BRYAN ST. STE. 900, DALLAS, TX 75201, in Person.** by delivering to Terri Thongsavit, designated agent.

**FURTHER AFFIANT SAYETH NOT.**

**D'ANN WATHEN**
**PSC#6622 EXP 06/30/21**

**SWORN TO AND SUBSCRIBED** before me by **D'ANN WATHEN** appeared on this _____ day of SEPTEMBER, 2019 to attest witness my hand and seal of office.

_____
**NOTARY PUBLIC IN AND**
**FOR THE STATE OF TEXAS**

2019.08.404301

CHRISTOPHER S WATHEN
Notary Public, State of Texas
Comm. Expires 04-15-2023
Notary ID 10486976

Unofficial Copy Office of Marilyn Burgess District Clerk

9/16/2019 12:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36835139
By: Kevin Childs
Filed: 9/16/2019 12:44 PM

CAUSE NO. 2019-58295

| | |
|---|---|
| RAYMUNDO CADENA, | IN THE DISTRICT COURT |
| Plaintiff, | |
| V. | 215TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | HARRIS COUNTY, TEXAS |
| Defendant. | |

**DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

**I.**

**GENERAL DENIAL**

At this time, Defendant asserts a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

**II.**

**SPECIFIC DENIALS**

Plaintiff's claims are barred or limited, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

Cadena vs. Allstate
Defendant's Original Answer and Request for Disclosure
0478533490.1

Page 1 of 4

Plaintiff failed to comply with certain conditions precedent to the policy prior to filing this lawsuit.

Plaintiff failed to provide proper or sufficient pre-suit notice pursuant to Section 542A of the Texas Insurance Code.

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

Plaintiff's claims are barred, in whole or in part, because the losses alleged by Plaintiff were proximately caused in whole or in part by the fault, negligence, or failure to mitigate damages by Plaintiff.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this answer.

## III.

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l).

If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

Cadena vs. Allstate
Defendant's Original Answer and Request for Disclosure
0478533490.1

Page **2** of **4**

**V.**

**DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED,  Defendant prays that the Plaintiff recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

Cadena vs. Allstate
Defendant's Original Answer and Request for Disclosure
0478533490.1

Page **3** of **4**

### CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on the 16th day of September, 2019, to:

Shane McClelland
TX Bar# 24046383
Attorney-in-Charge for Plaintiff
The Law Offices of Shane McClelland
440 Cobia Drive, Suite 101
Katy, Texas 77494
Phone: (713) 987-7107
Fax: (832) 827-4207
Email: Shane@hmtrial.com              *VIA E-SERVE*

**KIMBERLY BLUM**