UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RAYMUNDO CADENA,

   Plaintiff,

vs.

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY,

   Defendant.

CIVIL ACTION NO.
4:19-CV-03658

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F) OF FEDERAL RULES OF CIVIL PROCEDURE**

**1.**    **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

Counsel for Plaintiff, Shane McClelland, and Defendant, Kimberly Blum, conferred on this plan on October 30, 2019.

**2.**    **List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3.**    **Specify the allegation of federal jurisdiction.**

The Court has jurisdiction over this matter under diversity jurisdiction.

**4.**    **Name the parties who disagree and the reasons.**

None.

**5.**    **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None.

**6.**    **List anticipated interventions.**

None.

**7.**    **Describe class-action or collective-action issues.**

None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Plaintiff will make his initial disclosures by February 11, 2020.

   Defendant will make its initial disclosures by February 11, 2020.

9. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

   None.

   B. **When and to whom the plaintiff anticipates it may send interrogatories.**

   Without limiting their right to send third-party discovery or send interrogatories to later added parties, experts, adjusters, or other added parties, Plaintiff intends to send interrogatories to Allstate Vehicle and Property Insurance Company within the discovery period.

   C. **When and to whom the defendant anticipates it may send interrogatories.**

   Defendant anticipates sending interrogatories to Plaintiff by February 14, 2020.

   D. **Of whom and by what date the plaintiff anticipates taking oral depositions.**

   Plaintiff intends to depose the claims representative from Allstate Vehicle and Property Insurance Company, a corporate representative of Defendant, Defendant's experts, adjusters, engineers, if any, and reserves the right to depose any other fact or expert witnesses. Plaintiff anticipates that these depositions can be concluded by January 29, 2021.

   E. **Of whom and by what date defendant anticipates taking oral depositions.**

   Defendant intends to take the oral depositions of Plaintiff and Plaintiff's designated experts including but not limited to Plaintiff's public adjuster (if applicable), Plaintiff's roofer, Plaintiff's engineer, and any other persons or entities who inspected or assisted Plaintiff in the investigation of the claims that form the basis of this lawsuit.

   Defendant anticipates these depositions can be completed by January 29, 2021.

   F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

   Plaintiff will designate experts by September 7, 2020.
   Defendant will designate experts by October 7, 2020.

G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (expert report).

Plaintiff anticipates deposing the experts designated by the Defendant, any rebuttal experts in response to Defendant's designated experts, and anticipates being able to do so by January 29, 2021.

H.     List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendant anticipates deposing the experts designated by the Plaintiff, any rebuttal experts in response to Plaintiff's designated experts, and anticipates being able to do so by January 29, 2021.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement with this discovery plan.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

12. **State the date by which the planned discovery can reasonably be completed.**

January 29, 2021

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

After written discovery is completed and the homeowner and spouse have been deposed, and an inspection has been completed of the property, the parties are open to attempting to settle the matter either formally or informally, should settlement be ripe at that time.

Plaintiff is amenable to an early mediation in this case. Plaintiff believes that this case can be resolved early without the need of either party expending significant litigation expenses and attorneys' fees and court resources.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Nothing to date.

Plaintiff would like to begin settlement discussions as soon as practicable. Plaintiff is amenable to an early mediation in this case.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be**

**effectively used in this case.**

Formal mediation is an appropriate form of ADR in this case. Mediation will be most effective after the parties have disclosed information, conducted an inspection of the property, and conducted preliminary depositions.

Plaintiff is amenable to an early mediation in this case. Plaintiff would like to begin settlement discussions as soon as practicable.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The Parties do not consent to trial before a magistrate judge.

17. **State whether a jury demand has been made and whether it was made on time.**

    Defendant made a timely demand for a jury trial.

18. **Specify the number of hours it will take to present the evidence in this case.**

    It is unknown at this time how many experts may be called to testify. At this time, the parties would anticipate at least 3-4 days to present evidence in this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

20. **List other pending motions.**

    None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    1. Counsel for Plaintiff:    Shane McClelland
       State Bar No. 24046383
       SDTX Bar No.: 642324
       Law Offices of Shane McClelland
       440 Cobia Drive, Suite 101
       Katy, Texas 77494
       Phone: 713-987-7107
       Fax: 832-827-4207
       Email: shane@hmtrial.com

    2. Counsel for Defendant:    Kimberly N. Blum

811 Louisiana, Suite 2400
Houston, Texas 77002
Phone: 713-336-2812
Fax: 877-684-4165
Email: kimberly.blum@allstate.com;
houstonlegal@allstate.com

Respectfully submitted,

**KIMBERLY N. BLUM**
TBN: 24092148
SUSAN L. FLORENCE & ASSOCIATES
811 Louisiana, Suite 2400
Houston, TX 77002
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)
ATTORNEY FOR DEFENDANT

*/s/ Shane McClelland (with permission)*

**SHANE MCCLELLAND**
TBN: 24046383
THE LAW OFFICES OF SHANE MCCLELLAND
440 Cobia Drive, Suite 101
Katy, Texas 77494
Phone: 713-987-7107
Fax: 832-827-4207
Email: shane@hmtrial.com
ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing pleading has been furnished to each party via CM/ECF in accordance with the Federal Rules of Civil Procedure, this the 5th day of November 2019.

Shane McClelland  
The Law Offices of Shane McClelland  
440 Cobia Drive, Suite 101  
Katy, Texas 77494  
Phone: 713-987-7107  
Fax: 832-827-4207  
Email: shane@hmtrial.com

 

_____  
**KIMBERLY BLUM**